**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **PENN-STAR INSURANCE COMPANY,** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) **Case No.: 4:17-CV-1041-VEH** ) |
| **ERIC STEVEN SWORDS, BILLY DENSON,** *d/b/a* **DENSON HOUSE & MOBILE HOME, and CHRIS HAYES,** | ) ) ) ) ) ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This is a civil action filed by the plaintiff, Penn-Star Insurance Company ("Penn-Star") against the defendants, Eric Steven Swords, Billy Denson d/b/a Denson House & Mobile Home ("Denson"), and Chris Hayes. Penn-Star seeks a declaration of its rights under a commercial insurance policy issued to Denson. Specifically, Penn-Star seeks an order from this Court holding that it has no duty to defend or indemnify Denson and Hayes in a currently pending state court lawsuit filed against Denson and Hayes in the Circuit Court of Marshall County, Alabama. (*See* doc. 1 at

8-11)[1]; (Doc. 1 at 2).[2]

This case is before the Court on Denson's and Hayes's (the "Movants") Motion To Dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The Movants' argument is two-fold. (*See generally* doc. 1). First, the

---

[1] Penn-Star does not plainly state that it does not owe a duty to defend or indemnify; however, the Court reads the Complaint to say that Penn-Star contends that it does not owe those duties. In relevant part, the Complaint states:

> 22. Denson House, Denson and Hayes seek a defense to and indemnity for the allegations of the underlying action.
>
> 23. An actual controversy exists with respect to whether Penn-Star owes a duty to defend or indemnify its insured(s) or putative insured(s) such that a declaration by this Court of the parties' respective rights and obligations under the policy is necessary. Specifically, a controversy exists with respect to:
>
> (a) The applicability of the coverages, conditions, exclusions and endorsements cited herein and contained within the policy of insurance issued by Penn-Star;
>
> (b) Whether Penn-Star has a continuing duty to defend the insureds and/or the putative insureds in the underlying action; and
>
> (c) Whether and to what extent Penn-Star has a duty to indemnify insureds and/or the putative insureds for the claims asserted in the underlying action.
>
> 24. A real, bona fide controversy exists between the parties with regard to Penn-Star's duties and obligations under the policy as to the existence or extent of coverage for the claims made in the underlying action.

(Doc. 1 at 8-9).

[2] The Complaint states: "This case arises out of a civil action styled *Eric Steven Swords v. Marshall-DeKalb Electric Cooperative, Billy Denson d/b/a Denson House & Mobile Home Movers, Chris Hayes, et al.*, bearing civil cation number 50-CV-2016-900068, pending in the Circuit Court of Marshall County, Alabama." (Doc. 1 at 2).

Movants argue that "[t]he Declaratory Judgment should be dismissed and/or stayed because the relief sought requires determination of parallel factual and legal issues pending adjudication in an ongoing State Court action." (Doc. 9 at 2) (emphasis omitted). Second, the Movants argue that "[t]he Plaintiff's Duty to Indemnify under its policy of insurance is not ripe for adjudication and therefore the Court lacks subject-matter jurisdiction." (Doc. 9 at 6) (emphasis omitted). In the alternative, the Movants ask the Court to stay the proceedings. (Doc. 9 at 7). Penn-Star opposes the Motion To Dismiss the duty to defend claim but is unopposed to staying the issue of the duty to indemnify. (Doc. 12 at 2-7).

For the reasons stated herein, the motion will be **GRANTED** in part and **DENIED** in part.

## II. STANDARD

Rule 12(b)(6) motions argue that a complaint has "fail[ed] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint has to state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2).

The Supreme Court gave more clarity on these standards in the *Twombly* and *Iqbal* cases. In *Iqbal*, the court stated that:

To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting another source).

The Supreme Court went on to explain how courts should evaluate complaints. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

Additionally, the Court must take "the allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Kizzire v. Baptist Health System, Inc.*, 441 F.3d 1305, 1308 (11th Cir. 2006).

A motion to dismiss the complaint based on ripeness implicates Federal Rule of Civil Procedure 12(b)(1). *See Little v. Strange*, 796 F. Supp. 2d 1314, 1318 (M.D. Ala. 2011). The standard for 12(b)(1) motions is as follows:

> A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction asserts either a facial or factual challenge to the complaint. A factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered."A facial attack, on the other hand, challenges the complaint on its face and "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Under these review mechanisms, a "

4

> 'court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.' "

*Id.* at 1318-19 (internal citations omitted). Finally, Federal Rule of Civil Procedure 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## III. RELEVANT BACKGROUND

"Penn-Starr [sic] issued a policy of commercial general liability insurance to named insureds Billy Denson and Denson House & Mobile Home Movers bearing policy number PAC7072344, with an effective period from 9/4/2014 through 9/4/2015, subject to an each occurrence limit of $1,000,000." (Doc. 1 at 4). The underlying state court action originates from a workplace accident occurring on January 28, 2015. (Doc. 1 at 3). The Complaint states:

> 10. Swords alleges that on or about January 28, 2015, he was employed by Denson House. *Id.* at ¶9. He alleges he was told by Hayes, a co-employee to "ride atop a home that was being pulled by a motorized vehicle . . .to move wires out of the path of Billy Denson's truck which had a home secured to it." *Id.* at ¶¶10-11.
>
> 11. While riding on top of the home, Swords came into contact with live electrical wires, resulting in severe injuries which required amputation of both arms and burns to his back. *Id.* at ¶14.

(Doc. 1 at 3-4). Swords sued Denson and Hayes on February 19, 2016. (Doc. 1-1 at

2).

> 12. Against the defendants to this action, Swords asserts claims for Workers Compensation; employer's liability pursuant to Ala. Code §25-6-1 (1975); negligence; wantonness; and willful conduct pursuant to Ala. Code §25-5-11 (1975). The complaint seeks damages for permanent injury, including the amputation of both arms, permanent injury, permanent impairment, past and future medical bills, pain and suffering, mental anguish, lost wages and unspecified compensatory and punitive damages, in addition to a determination of permanent and total disability.

(Doc. 1 at 4). "The claim was tendered to Penn-Star for the defense of the insured(s) and/or employees and indemnity entered for any judgment entered against it." (Doc. 1 at 4).

In the present declaratory action, Penn-Star cites to numerous provisions in the commercial general liability insurance policy. (Doc. 1 at 5-8).[3] Among other provisions, Penn-Star cited to the "employee injury exclusion(s)" and the "auto liability exclusion." (*See* doc. 1 at 5-8). The Court draws the conclusion that Penn-Star cites these lengthy provisions to argue that either, or both, of the provisions exempts them from the duty to defend, or indemnify, Denson and Hayes.

---

[3] Penn-Star attached the insurance policy to the Complaint as Exhibit B. (Doc. 1 at 4-5); (*see generally* doc. 1-2).

## IV. ANALYSIS

The Declaratory Judgment Act is codified in 28 U.S.C. §2201(a).[4] The Act "gives federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (citing *Brillhart v. Excess Ins. Co. of America*, 316 US. 491, 494 (1942)). The Act does not give "'an absolute right upon the litigant.'" *See id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995)).

### A. Whether this Court should hear the case because of the state court proceeding

The Movants argue that "the relief sought requires determination of parallel factual and legal issues pending adjudication in an ongoing State Court action." (Doc. 9 at 2) (emphasis omitted). The Movants go on to argue that "the relief sought . . . is incapable of being decided before these factual/legal issues are adjudicated" and that proceeding with the case would "cause unnecessary litigation, duplicative discovery, the potential for inconsistent results and a burden on the Federal Judicial Economy." (Doc. 9 at 4-5). In response, Penn-Star argues that "[t]he duty to defend is ripe for adjudication, the resolution of which will not require discovery or factual

---

[4] In relevant part, the statute states: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a).

determinations in the underlying action." (Doc. 12 at 5).

> i. *The Court does not need to wait on the state court proceeding to adjudicate this ripe claim of a duty to defend.*

First, the Court examines whether the Court is compelled to await the result of the state court proceeding.

Under Alabama law, "[a]n insurance company's duty to defend its insured from suit is determined by the language of the insurance policy and by the allegations in the complaint filed against the insured." *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.*, 2012 WL 3637690 at *4 (N.D. Ala. Aug. 22, 2012) (quoting another source). Disputes over "whether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief." *Id.* Often, a court is able to resolve this issue "based upon the pleading prior to resolution of the underlying lawsuit." *Id.* This is different from the duty to indemnify:

> "The duty to defend is based on the *potential* that the trial of the underlying suit against the insured *may* develop facts showing that the occurrence is within the coverage; the duty to pay the judgment or reasonable settlement is based on facts *having been established* which show the occurrence to *actually have been* within the coverage."

*Id.* at *3 (quoting 16 *Couch on Insurance* 3d § 227:21) (emphasis added by the *St. Paul* court). Given this black letter law, the Court can adjudicate the duty to defend claim without needing to wait on the state court.

8

## ii. This is not a case of parallel litigation.

Second, the Court looks to see if this is a case of parallel litigation, and if it is, whether the Court ought to abstain.

Parallel litigation is "where 'substantially the same parties are contemporaneously litigating substantially the same issues in more than one forum.'" *James River Insurance Co. v. Ultratec Special Effects, Inc.*, 2017 WL 2652985 at *1 (N.D. Ala. June 20, 2017). *Ameritas* discussed the issue of parallel state and federal proceedings and gives factors for courts to evaluate if there is indeed parallel litigation. *See Ameritas Variable Life Ins. Co.*, 411 F.3d at 1329[5,6]; *see also Auto-Owners Insurance Co. v. Walker*, 2012 WL 3628783 at *1-4 (N.D. Ala. Aug. 17, 2012) (discussing the *Ameritas* case under factually analogous circumstances). It is important to note that even if there is parallel litigation, a federal court can still choose to retain the case. *Cf. Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331-32.

---

[5] The *Ameritas* decision states:

> Guided by these general principles expressed by the Supreme Court, as well as "the same considerations of federalism, efficiency, and comity that traditionally inform a federal court's discretionary decision whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts," we provide the following factors for consideration to aid district courts in balancing state and federal interests.

*Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330-31.

[6] Somewhat surprisingly, the Movants imply that this is a case of parallel litigation without actually citing to the Eleventh Circuit's *Ameritas* decision. (*See generally* doc. 9 at 2-5).

This balancing of interests does not always compel the federal court to abstain in favor of the state proceeding. *Cf. id.*

There is some dispute among the district courts of this circuit over whether the *Ameritas* factors should be analyzed regardless of whether there is parallel litigation. *Cf. Philadelphia Indem. Ins. Co. v. AGCO Corp.*, 2011 WL 2652139, *3 n.1 (N.D. Ga. July 6, 2011).[7] This Court takes *Ameritas* at its plain meaning when it says, "whether to abstain from exercising jurisdiction over state-law claims in the face of *parallel litigation* in the state courts." *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1331 (quoting another source) (emphasis added). Logically, if there is no parallel litigation, there are no competing interests for the federal court to balance (and hence no need to review the factors). This Court adheres to a two-step approach of first determining if there is parallel litigation, *then* applying the *Ameritas* factors if there is parallel litigation.[8]

---

[7] The court in *James River Insurance Company* did not analyze those factors. *James River Ins. Co.*, 2017 WL 2652985, at *1 n.2. The court in *Philadelphia Idem. Ins. Co.* did. *Philadelphia Indem. Ins. Co.*, 2011 WL 2652139, at *3 n.1. The court in *St. Paul Fire & Marine Ins. Co.* discussed whether the federal case would serve a "useful purpose" but did not cite to the *Ameritas* case. *St. Paul Fire & Marine Ins. Co. v. Town of Gurley, Ala.*, 2012 WL 3637690, at *8 (N.D. Ala. Aug. 22, 2012).

[8] In the *James River Insurance Company* case, the court looked to see whether the "identity of parties and issues in the underlying state court" proceeding were similar to the federal proceeding. *See James River Ins. Co.*, 2017 WL 2652985, at *1. The court concluded that they were not similar. *See id.* If the state and federal court proceedings had been parallel, the court would have considered the *Ameritas* factors. *See id.* at *1 n. 2 ("The court will not analyze the *Ameritas* factors in light of its finding that this litigation is not parallel to the state actions.").

In this case, the federal action and the state action are not parallel proceedings. Neither the parties, nor the issues, are the same. *See* (Doc. 12 at 2); *see also* (Doc. 1 at 3-4). The Court addresses in turn each prong of what constitutes parallel litigation.

First, the Court addresses if the parties are the same. Quite plainly, "Penn-Star is not a party to the underlying action." (Doc. 12 at 2); *see also* (Doc. 9 at 5) ("Although all of the same parties are not involved in the two parallel cases.").[9] For that reason, the *parties* in the two proceedings are not the same.

Second, the Court looks to see if the issues are the same. The state proceeding involves "claims for: Workers Compensation; employer's liability pursuant to Ala. Code §25-6-1 (1975); negligence; wantonness; and willful conduct pursuant to Ala. Code §25-5-11(1975)." (Doc. 1 at 4). The federal proceeding involves an issue regarding "whether Penn-Star owes a duty to defend or indemnify its insured(s) or putative insured(s)." (Doc. 1 at 9). For that reason, the *issues* in the two proceedings

---

[9] The Motion states as follows: "Although the instant Complaint for Declaratory Judgment does seek an ultimate determination that is different than the Underlying Lawsuit, the determination sought is dependent upon the findings of the same factual/legal issues. These issues are best decided in the State Court as they are all matter of State Law between residents of Alabama of who have knowledge of the events and circumstances which occurred in Alabama giving rise to the claims." (Doc. 9 at 4). The Movants neglect to give any authority supporting this argument. (Doc. 9 at 4). Further, Penn-Star is not an Alabama resident. (Doc. 1 at 2). However, Penn-Star probably has knowledge of the terms of its own insurance contract with the Defendants. Regardless, this argument is without merit.

are not the same.[10]

The Court's outcome is nothing unusual. Other federal courts have denied motions to dismiss declaratory judgment complaints based on the duty to defend. *See James River Ins. Co. v. Ultratec Special Effects, Inc.*, 2017 WL 2652985 (N.D. Ala. June 20, 2017) (denying a motion to dismiss a duty to defend claim on abstention grounds); *see also Auto-Owners Ins. Co. v. Walker*, 2012 WL 3628783 (N.D. Ala. Aug. 17, 2012) (denying a motion to dismiss a duty to defend claim).

In conclusion, this claim is neither dependent on the state court outcome, nor is it a case of parallel litigation. The Court does not need to analyze the *Ameritas* factors because this not a case of parallel litigation. The Motion To Dismiss, or Alternative Motion To Stay, the duty to defend claim is hereby **DENIED**.

B. <u>Whether the duty to idemnify is ripe for adjudication</u>

The Movants also move to dismiss, or stay, by arguing that the duty to

---

[10] Also, this federal action would be useful. The court in *St. Paul Fire & Marine Ins. Co.* stated:
> Finally, deciding the declaratory action will serve the useful purpose of clarifying whether St. Paul has a continuing legal obligation to defend the Town under the terms of its policies. If St. Paul seeks relief *after* the appeal, plaintiff will not be able to obtain comparable relief from its duty to defend the Town *throughout* the appeal.

*St. Paul Fire & Marine Ins. Co.*, 2012 WL 3637690, at *8. The facts in *St. Paul Fire & Marine Ins. Co.* are fairly analogous to the present case. *See id.* at *1. In this case, the Court has a meaningful role in determining whether Penn-Star *has* a duty to defend the Defendants and granting the appropriate relief.

indemnify is not ripe for adjudication. (Doc. 9 at 6-7). Penn-Star seems to admit that the duty to indemnify is not ripe at this point in the litigation. (Doc. 12 at 5).[11] However, Penn-Star would prefer the Court stay that issue, rather than dismiss it. (Doc. 12 at 5-6).

Under Alabama law, "[w]hether there is a duty to indemnify under the policy will depend on the facts adduced at the trial of the action." *Hartford Cas. Ins. Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1013 (Ala. 2005); *c.f. Alabama Gas Corp. v. Travelers Cas. & Sur. Co.*, 990 F. Supp. 2d 1163, 1167 (N.D. Ala. 2013) ("The duty to indemnify does not rise out of the existence of a duty to defend."). Further, "no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Allstate Ins. Co. v. Employers Liability Assur. Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971).[12] In *Texas v. U.S.,* the Supreme Court defined ripeness:

A claim is not ripe for adjudication if it rests upon "'contingent future

---

[11] Penn-Star states: "While the duty to defend is not ripe until there has been a final determination of liability, Penn-Star requests the court stay the case with respect to the duty to indemnify." (Doc. 12 at 6). The Court presumes that where Penn-Star says "defend" it meant "indemnify."

[12] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to 1981.

events that may not occur as anticipated, or indeed may not occur at all.'"

*Texas v. U.S.*, 523 U.S. 296, 300 (1998) (quoting another source). The ripeness doctrine relates to the Constitutional requirement of a case and controversy. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (citing U.S. CONST. art. III, §2, cl. 1) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review."). "Because a suit that lacks ripeness is not justiciable, the absence of ripeness precludes the federal courts from exercising jurisdiction." *St. Paul Fire & Marine Ins. Co.*, 2012 WL 3637690, at *3.

Further, a court considering ripeness should also consider "prudential considerations." *See Digital Properties*, 121 F.3d at 589. ("The ripeness doctrine protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes."). "The ripeness inquiry requires a determination of (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Id.* Whether the claim is ripe is particularly important because it "goes to whether the district court had subject matter jurisdiction to hear the case." *Id.* at 591.

In this case, the underlying state court trial has not yet occurred. This means

that the duty to indemnify is not yet ripe because it is unclear if the Movants are liable on the state court claims. The parties also seem to agree that the duty to indemnify is not ripe. *See* (Doc. 9 at 6); (Doc. 12 at 4-5). For that reason, this Court only has to determine whether to dismiss or stay the unripe claim.

Courts differ on whether to dismiss an unripe claim or stay it.[13] There does not appear to be any on-point Eleventh Circuit precedent answering the question of whether a district court may *stay* an unripe claim, or whether because a court has no jurisdiction over unripe claims it must *dismiss* the claim without prejudice. The Eleventh Circuit spoke to ripeness in the *Digital Properties* case. *See Digital Properties*, 121 F.3d 587-91. However, that case only affirmed the district court's decision to dismiss the case based on lack of ripeness. *See id.* at 591 ("The determination of ripeness 'goes to whether the district court had subject matter jurisdiction to hear the case.' . . . Digital's erroneous presumptions and impatience led

---

[13] *See Accident Insurance Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 (S.D. Ala. Jan. 29, 2016) (staying determination of the duty to indemnify); *Atlantic Cas. Ins. Co. v. GMC Concrete Co., Inc.*, 2007 WL 4335499 at *5-6 (S.D. Ala. December 7, 2007) ("The duty to indemnify issue will remain part of the case, but will not be considered by the Court."). *Contra Owners Ins. Co. v. Alabama Powersport Auction, LLC*, 2015 WL 3439126 at *14 (N.D. Ala. May 28, 2015) (dismissing without prejudice determination of the duty to indemnify); *Progressive Speciality Ins. Co. v. Mims*, 2012 WL 1900569 at *6-7 (M.D. Ala. May 2, 2012), *report adopted*, 2012 WL 1900565 (M.D. Ala. May 24, 2012) ("[Tort victim's] request for declaratory judgment with respect coverage under Progressive's policy is due to be dismissed without prejudice on grounds that the claim is not ripe for review and does not present a justiciable controversy.").

it to rush to the courthouse and present an insufficiently concrete claim. Consequently, the district court properly dismissed the action."). The court did not say that the district court would have been wrong if it only *stayed* the case. *See generally id.*

In the absence of definitive 11th Circuit precedent, this court looks to persuasive authority. In the past, this Court found the analysis in the *King* case persuasive. *See Allstate Indemnity Company v. Berry*, 2015 WL 6869980 at *2 (N.D. Ala. Nov. 9, 2015). In *King*, the court stated:

> The remaining question is what should become of this unripe duty-to-indemnify issue. Not surprisingly, district court opinions are all over the map. Some have ordered dismissal without prejudice, while others have simply stayed the duty-to-indemnify issue pending further developments. This Court favors the approach espoused by *Employers Mut. Cas. Co. v. Evans,* 76 F.Supp.2d 1257 (N.D.Ala.1999), a case cited prominently by the County in its principal brief. (*See* doc. 14, at 10.) In *Evans,* the court elected to "retain jurisdiction to hear both the duty to defend and the indemnification issues.... If the court determines that there is a duty to defend, it may well be appropriate not to then reach the further issue of indemnity. However, a determination that there is no duty to defend may well determine the duty to indemnify issue. Both discretion and common sense mandate that the court retain jurisdiction at least until the duty to defend issue is determined...." 76 F.Supp.2d at 1262; *see also GMC Concrete,* 2007 WL 4335499, at *6 ("The duty to indemnify issue will remain part of the case, but will not be considered ... until the earlier of (a) final disposition of the [underlying] Action; or (b) a ruling on the duty to defend, at which time the Court will entertain any motion that the parties may wish to file concerning the duty to indemnify claims."); *Assurance Co. of America v. Legendary Home Builders, Inc.,* 305 F.Supp.2d 1266, 1267 (S.D.Ala.2003) (staying,

rather than dismissing, duty-to-indemnify issue pending final resolution of underlying state proceeding). Accordingly, the duty-to-indemnify issue will be **stayed,** rather than dismissed, at this time.

*Pennsylvania Nat. Mut. Cas. Ins. Co. v. King*, 2012 WL 280656 at *5 (S.D. Ala. Jan. 30, 2012) (original footnotes omitted).

However, the Court is now persuaded by the analysis in a recent decision from the Middle District of Alabama. *See generally Canal Insurance Co. v. INA Trucking, LLC*, 2017 WL 1146984 (M.D. Ala. March 10, 2017). The decision discusses the propriety of staying an unripe claim:

> Neither the plaintiff nor the courts that impose such stays explain the basis for a federal court's authority to "retain jurisdiction" over a claim if ripeness—i.e., subject matter jurisdiction—is lacking. A court cannot "retain" a cause of action that is outside its power to adjudicate. Thus, this court is not persuaded that a stay of a claim that is not ripe is permissible because federal courts are courts of limited jurisdiction; "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," and the court has no authority to recommend staying a claim over which it lacks subject matter jurisdiction. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Other judges of this court have held that a duty to indemnify claim that is not yet ripe is due to be dismissed without prejudice for lack of subject matter jurisdiction, and the undersigned agrees with the reasoning of those decisions. *See, e.g., Canal Ins. Co. v. Cook*, 564 F. Supp. 2d 1322, 1325 (M.D. Ala. 2008)(Thompson, J.) ("[D]uring an on-the-record conference call held on July 9, 2008, counsel for Canal Insurance acknowledged that its request for a declaration on its duty to indemnify is not ripe. Accordingly, the court will dismiss the indemnification issue and address only whether Canal Insurance has a duty to defend Bear Creek

and McGriff in the state-court lawsuit."); *Colony Ins. Co. v. Floyd's Prof'l Tree Serv.*, 2008 WL 2705123, at *3 (M.D. Ala. July 9, 2008) (Moorer, M.J)(dismissing a duty to indemnify claim due to lack of ripeness because the issue of indemnity was unsettled in an underlying state court action); *State Farm Fire & Cas. Co. v. Myrick*, 2007 WL 3120262, at *3 (M.D. Ala. Oct. 23, 2007) (Watkins, J.)("Here, there is a controversy about whether State Farm is obligated to provide a defense to the Myricks under the insurance policy, making the duty to defend ripe for adjudication. However, the duty to indemnify is not ripe because the underlying case is unresolved, meaning that State Farm's duty to indemnify is presently an abstract, academic question. Therefore, it is appropriate to grant the Myricks' motion to dismiss with regard to the duty to indemnify.").

As discussed *supra*, plaintiff concedes that its indemnity claim is not ripe; thus, there is no basis on which the court can exercise or "retain" jurisdiction over the claim. Because there is no subject matter jurisdiction over plaintiff's duty to indemnify claim, dismissal without prejudice is the only available remedy. *See Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) ("Article III of the United States Constitution limits the jurisdiction of the federal courts to cases and controversies of sufficient concreteness to evidence a ripeness for review."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d at 410 (a court is powerless to act without subject matter jurisdiction).

*See Canal Insurance Co.*, 2017 WL 1146984 at *7-8 (internal footnotes omitted).

Here, as in *Canal*, neither party asserts that the indemnity claim is ripe. Accordingly, being persuaded by the reasoning of *Canal*, the Court **GRANTS** the Motion as to the issue of Penn-Star's duty to indemnify.

## V. CONCLUSION

The Motion To Dismiss the duty to defend claim is **DENIED**. Further, the duty to indemnify claim is hereby **DISMISSED without prejudice**.

**DONE** and **ORDERED** this 21st day of September, 2017.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge